## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

1.  **The Parties.**  The parties to this Confidential Settlement Agreement and General Release (the "**Agreement**") are **CAMILO GONZALEZ**, his heirs, representatives, agents, attorneys, successors and assigns ("**Gonzalez**"); **CARLOS URQUIOLA RUIZ**, his heirs, representatives, agents, attorneys, successors and assigns ("**Urquiola**"); and **REY PIZZA CORP.** ("**Defendant**").  Gonzalez and Urquiola will be collectively referred to as "**Plaintiffs**."

2.  **General Release.**  In consideration for the promises contained in this Agreement, Plaintiffs unconditionally release and discharge Defendant, and, without limitation, its predecessors and successors, parents, owners, shareholders, subsidiaries, divisions, related entities, and affiliates, and all of each such entities' officers, directors, shareholders (including Ramon Rodriguez), employees, insurers, agents, attorneys or assigns, in their individual and representative capacities (collectively, the "**Released Parties**"), from any and all claims, demands, liabilities, and causes of action, whether known or unknown, or suspected or unsuspected, which Plaintiffs now own or hold, or have owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with, Plaintiffs' employment with, or the separation of their employment with, Defendant, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiffs resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement.  Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("**FLSA**"); the Employee Retirement Income Security Act; the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; Workers' compensation retaliation claims (§ 440.205, Fla. Stat.); the Florida Private Whistle-blower's Act; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof.  This Release includes all claims which were, or could have been, asserted in the lawsuit styled CAMILO GONZALEZ, ET AL. v. REY PIZZA CORP., Case No. 13-21307-CIV-UNGARO, currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "**Litigation**"), or in any other litigation and/or charge of discrimination which could be brought against the Released Parties by Plaintiffs for any claim.

3.  **No Admission of Wrongdoing.**  By entering into this Agreement, Defendant does not admit any liability whatsoever to Plaintiffs or to any other person arising out of any claims asserted, or that could have been asserted, and expressly deny any and all such liability.  The existence and execution of this Agreement shall not

be considered, and shall not be admissible in any proceeding as an admission by Defendant of any liability, error, violation, or omission.

4.  **Dismissal of Litigation.**  Within three (3) business days of receipt by Defendant's counsel of a fully executed copy of this Agreement, the Parties will file a Joint Motion for Approval of Settlement Agreement and to Dismiss all claims with Prejudice in the Litigation.

5.  **Settlement Sum.**  In exchange for the promises made by Plaintiffs and execution of this Agreement, Defendant agrees to pay **Thirty Two Thousand Dollars ($32,000)** (the "**Settlement Sum**") in full satisfaction of any and all Plaintiffs' claims for damages (including, but not limited to, Plaintiffs' claims under the FLSA), attorneys' fees, and costs in the Litigation. Defendant will provide the Settlement Sum to Plaintiffs' counsel within ten (10) business days after the Court dismisses the Litigation with prejudice. The Settlement Sum shall be payable as follows:

   (a)  To Gonzalez, the sum of **Five Thousand Three Hundred Seventy Five Dollars ($5,375),** less applicable taxes, as wages, in the form of a check payable to Gonzalez; Defendant shall issue an IRS Form W-2 to Gonzalez for this amount;

   (b)  To Gonzalez, the sum of **Five Thousand Three Hundred Seventy Five Dollars ($5,375),** in the form of a check payable to Gonzalez, from which no withholdings shall be taken, as consideration for Gonzalez's alleged liquidated damage claims. Defendant shall issue an IRS Form 1099 for this amount to Gonzalez;

   (c)  To Urquiola, the sum of **Five Thousand Three Hundred Seventy Five Dollars ($5,375),** less applicable taxes, as wages, in the form of a check payable to Urquiola; Defendant shall issue an IRS Form W-2 to Urquiola for this amount;

   (d)  To Urquiola, the sum of **Five Thousand Three Hundred Seventy Five Dollars ($5,375),** in the form of a check payable to Urquiola, from which no withholdings shall be taken, as consideration for Urquiola's alleged liquidated damage claims. Defendant shall issue an IRS Form 1099 for this amount to Urquiola;

   (e)  The sum of **Ten Thousand, Five Hundred Dollars ($10,500),** in the form of a check made payable to the Trust Account of the Law Office of Robert Rubenstein P.A. as attorneys' fees and costs. Defendant will issue IRS Forms 1099 to each Plaintiff and Plaintiffs' lawyer for this payment.

These payments are conditioned upon the provision to Defendant's counsel of IRS Forms W-9 completed by each Plaintiff and their attorney of record.

The Parties agree that no other monies are due to Plaintiffs or their attorneys in connection with the settlement of the Litigation.

Plaintiffs agree that they are responsible for all applicable taxes as a result of the receipt of these monies. Plaintiffs understand and agree that Defendant is providing no representations regarding tax obligations or consequences that may arise from this Agreement. Each Plaintiff shall reimburse and indemnify Defendant for any taxes or penalties incurred by Defendant as a result of any nonpayment by any Plaintiff of such Plaintiff's portion or contribution of any taxes on the Settlement Sum.

Defendant will pay the mediation expenses.

6. **Representation**. Plaintiffs agree that this Agreement is a fair and reasonable resolution of their claims for unpaid wages and overtime wages under the FLSA and other laws, and their agreement not to bring or pursue an action under either laws. Each Plaintiff agrees that the payments made under this Agreement to such Plaintiff are in excess of all minimum wage and overtime wages that they claim are allegedly owed to him, and that such payments provide him with additional consideration to which he would otherwise not be entitled. The Settlement Sum is in full satisfaction of all attorneys' fees, costs, and claims which each Plaintiff asserts or could assert against Defendant, and the Parties agree that no other monies are due to any Plaintiff or his attorneys in connection with this settlement of the Litigation and all other claims. Should the Court revise the distribution of the Settlement Sum between Plaintiffs and/or their counsel, the total of the Settlement Sum will remain the same.

7. **Confidential Information.** Plaintiffs agree that the terms of this Agreement are **CONFIDENTIAL**. Plaintiffs agree not to tell anyone about this Agreement and not to disclose any information contained in this Agreement to anyone, other than to Plaintiffs' immediate family members, lawyers or financial advisor, or to respond to a valid subpoena or other legal process. If Plaintiffs tell an immediate family member, lawyer or financial advisor about this Agreement or its contents, Plaintiffs must immediately tell such individual that he/she must keep the Agreement confidential as well.

8. **Waiver of Reinstatement or Other Relationship.** Plaintiffs hereby agree that they waive reinstatement, and agree not to seek future employment or any other business relationship, with the Released Parties. Any employment application, offer of employment, and/or attempt to do business with the Released Parties may be denied pursuant to this Agreement.

9. **Applicable Law.** This Agreement shall be governed by and construed according to the laws of the State of Florida.

10. **Representation by Plaintiff.** Plaintiffs represent that, as of the date that this Agreement is executed, they are not individually or jointly aware of any additional claims that he or they may have against the Released Parties and hereby each Plaintiff certifies that he has not filed any claim (except the Litigation released herein), and does

not intend to file any claims, demands, liabilities, and causes of action against the Released Parties.

11. **Covenant of Non-Disparagement.** At no time shall any of the ~~Plaintiffs~~ *Parties* make any remarks disparaging the conduct or character of the ~~Released~~ Parties.

12. **Enforcement and Severability.** This Agreement must be approved by the Court. In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

13. **Breach of this Agreement and Liquidated Damages.** Plaintiffs promise to abide by the terms and conditions of this Agreement and agree that a breach by either of them, jointly or individually, of Section 7 (Confidentiality) and/or Section 11 (Non-Disparagement), is a material breach of this Agreement and that remedies at law may be inadequate to protect Defendant in the event of such breach, and, without prejudice to any other rights and remedies otherwise available to Defendant, Plaintiffs agree to the granting of injunctive relief in Defendant's favor without proof of irreparable harm, plus attorneys' fees and costs to enforce these provisions. Plaintiffs further agree that in the event of a breach by any of the Plaintiffs of Section 7 (Confidentiality) and/or Section 11 (Non-Disparagement), the breaching Plaintiff shall be obligated to repay his portion of the Settlement Sum as liquidated damages to Defendant. Plaintiffs agree that liquidated damages are appropriate for any such breach inasmuch as actual damages cannot be readily calculated, the amount of the liquidated damages is fair and reasonable under the circumstances, and Defendant would suffer irreparable harm if these clauses were breached.

14. **Entire Agreement and Waiver.** This Agreement contains the entire agreement between Plaintiffs and Defendant, and supersedes all other agreements, written or oral, between them. The failure of any party to enforce any of the provisions of this Agreement, at any time, shall not be deemed or construed to be a waiver of any such provisions, nor to in any way affect the validity of this Agreement or any provision hereof or the right of either of the Parties to thereafter enforce each and every provision of this Agreement. Plaintiffs also acknowledge that they have not relied on any representation, promise, or agreement of any kind made in connection with the decision to sign this Agreement, except for those set forth in this Agreement.

15. **Voluntariness.** Plaintiffs certify that Plaintiffs have fully read, negotiated, and completely understand the provisions of this Agreement, that Plaintiffs have been advised by Defendant to consult with their attorney before signing the Agreement, that Plaintiffs have been given reasonable time to review and consider the provisions of this Agreement, that Plaintiffs have consulted with their attorneys, and that Plaintiffs are signing freely and voluntarily, and without duress, coercion, or undue influence.

16.  **Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the Plaintiffs and Defendant knowingly and voluntarily executed this Agreement during mediation as of the date set forth below:

**CAMILO GONZALEZ**

_____
Camilo Gonzalez

Date: 9-10-13

**CARLOS URQUIOLA RUIZ**

_____
Carlos Urquiola Ruiz

Date: 9/10/13

**REY PIZZA CORP.**

By_____
Jorge Salas, Finance Director

Date: 9/10/13

A TRAVÉS DEL SIGUIENTE, ADMITO QUE ESTE ACUERDO FUE LEÍDO, TRADUCIDO, Y EXPLICADO A MI EN ESPAÑOL PARA MI BENEFICIO; HE TENIDO OPORTUNIDAD PARA HACER PREGUNTAS SOBRE LOS TÉRMINOS DE ESTE ACUERDO; Y HE ENTENDIDO COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.

_____
**CAMILO GONZALEZ**

Fecha: 9-10-13

_____
**CARLOS URQUIOLA RUIZ**

Fecha: 9/10/13

MIADOCS 8096978 1